THE STATE OF OHIO, APPELLANT, *v.* BOOK ET AL., APPELLEES.

[Cite as State v. Book, 20 Ohio App. 2d 160.]

(No. 414—Decided May 22, 1969.)

*Mr. Paul W. Brown,* attorney general, and *Mr. Clarence L. Sharpe,* for appellant.
*Mr. Lawrence Friedlander,* for appellees.

Cook, J. This cause comes to this court on appeal from a judgment of the Common Pleas Court of Lake County in favor of the defendants after a hearing on the merits.

Plaintiff, the state of Ohio, presented the testimony of one Stan Jay, an investigator for the Bureau of Support, Department of Mental Hygiene and Correction of the state of Ohio, the cross-examination of the defendant Buell B. Book, and introduced, as plaintiff's exhibit 1, a "Proof of Claim" which is a transcript of the account of the cost of supporting one Paul Edward Book at the Apple Creek State Hospital.

The bill of exceptions indicates that defendant Buell B. Book, in addition to being called on cross-examination, was also called on direct examination in defendants' case but answered only general questions as to the income of his wife, codefendant in this cause. Defendant Pearl M. Book failed to appear in court.

Plaintiff has filed four assignments of error, but its principal complaint stems from the fact that the court found for the defendants when the only evidence before the court was the proof of claim, the cross-examination of defendant Buell B. Book, the testimony of Stan Jay and the limited direct examination of the defendant Buell B. Book.

Section 5121.04 (E) of the Revised Code states:

" * * * In all actions to enforce the collection of payment for the liability for support, every court of record shall receive into evidence the transcript of the charges made by the state together with all debts and credits, and it shall be prima-facie evidence of the facts therein contained."

This court is of the opinion that a properly authenticated transcript of charges made by the state together with all debts and credits must be received by all courts of record in the state as prima facie evidence of the debt owed for the supporting of an inmate of a state mental institution.

This court is of the further opinion that plaintiff's exhibit A is a properly authenticated transcript of charges contemplated by Section 5121.04 (E) of the Revised Code.

Upon the admission of plaintiff's exhibit A, a prima facie case was made out of the claims set forth in the short form petition of the state of Ohio which was that the defendants owed the state of Ohio the sum of $3,723.40 for the support of their adopted son, Paul Edward Book. The relationship of the defendants to the said Paul Edward Book was proven by the cross-examination of the defendant, Buell B. Book. When a prima facie case is made, the burden of neutralizing it is upon the defendant. (*Farm Bureau Mutual Auto Ins. Co.* v. *Alms & Depke Co.*, 75 Ohio App. 88.)

In this case the defendents offered no evidence to neutralize the prima facie case of the plaintiff, and therefore the prima facie case made out by the plaintiff must stand as true.

Therefore, the trial court erred in granting judgment for the defendants and in overruling the plaintiff's motion for a new trial.

The judgment of the trial court is reversed and final judgment is entered for the plaintiff in the amount of $3,723.40.

*Judgment reversed.*

HOFSTETTER, P. J., and JONES, J., concur.