CHILDREN'S HOSPITAL OF AKRON, APPELLEE, *v.* JOHNSON; JOHNSON, N.K.A. HATTON, APPELLANT.

(No. 9470—Decided March 12, 1980.)

*Mr. Charles J. Altwies,* for appellee.

*Mr. Joseph G. Miller* and *Mr. Terence E. Scanlon,* for appellant.

BELL, P. J.  The instant appeal raises the question of whether a provision in a divorce decree, which incorporated a separation agreement and order placing responsibility for medical expenses on one spouse, relieves the other spouse from liability to third parties who have provided medical care to their child.

The Akron Municipal Court answered in the negative. We affirm.

### FACTS.

The facts are stipulated. The defendants were divorced in 1974. The divorce decree requires the father to pay for all medical expenses incurred by the defendants' son.

In 1975 and again in 1977, the defendants' son was treated at Children's Hospital of Akron, plaintiff-appellee. When the

bill for the treatment ($2,501.95) was not paid, the hospital sued the parents, jointly and severally for the amount due.

The trial court held the parents jointly and severally liable. Only the mother appeals. She argues that due to the divorce decree, the court erred as a matter of law.

## LAW AND DISCUSSION.

The focus of the mother's appeal is the child support provision in the divorce decree between the defendants. The mother asserts that she is judgment proof because the decree places the burden of the child's medical expenses on her former husband. We must reject this argument.

When the minor child was rushed to the emergency ward of Children's Hospital of Akron and subsequently treated, we believe an implied contract for the payment of such care was created between the *parents* and the *hospital.* The duty of parents to support their children clearly includes medical expenses. In light of the above, we believe it is legally untenable to allow a parent, the mother here, to absolve herself of liability to the hospital, a third party, by virtue of a divorce decree.

When parents are able, it is *their* responsibility to provide for the reasonable needs of *their* children. This is a fundamental principle in our society. While a divorce decree may alter an individual parent's immediate or day-to-day rights and responsibilities, it does not alter the common perception of the collective duties which flow from parenthood. Indeed, parenthood transcends marital status. Parental obligations do not end simply because the marriage does. These notions were recognized in *Lowman* v. *Lowman* (1956), 166 Ohio St. 1, 8, when the court stated:

"No agreement could affect the obligations of either plaintiff or defendant to support their child * * * ."

We are aware that *Lowman, supra,* involved only a separation agreement and not a divorce decree. However, we believe that the premise of *Lowman, supra,* is persuasive and applicable here.

We emphasize that it is the mother's contention that the divorce decree precludes personal liability on a medical claim by a third party. It is this proposition which we reject. While we hold that the mother is not absolved of liability to the hospital, the result of such a holding does not render the divorce decree meaningless. As the Supreme Court stated in

*Tullis* v. *Tullis* (1941), 138 Ohio St. 187, 190, an agreement between the parents as to support:

"***does not exonerate either parent from his or her *ultimate duty to support* his or her minor child. A father may contract to maintain his child and the mother may exact security for the performance of such contract to protect herself from further obligation to the extent of the father's contribution. *But each must see that the child does not suffer for support, and must protect the public from the expense of supporting such child.* The duty in this regard is personal and continuing and cannot be discharged by any contract with the other parent. *This duty must be discharged in any event, but if the obligee is obliged to provide such support he may compel reimbursement from the obligor to the extent of the contract obligation.***"* (Emphasis added.)

We are aware that *Tullis, supra,* was overruled by *Peters* v. *Peters* (1968), 14 Ohio St. 2d 268. However, the *Peters* opinion, *supra,* concerns only the jurisdiction of a divorce court and the nature of support provisions. It does not alter basic parental obligations to offspring or parental responsibilities to third parties. Compare *Tullis, supra; Mozden* v. *Mozden* (1954), 162 Ohio St. 169, modified in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 418; and *Newman* v. *Newman* (1954), 161 Ohio St. 247, modified in *Wolfe* v. *Wolfe, supra,* at page 418; with *Wolfe* v. *Wolfe, supra; Peters, supra; Seitz* v. *Seitz* (1952), 156 Ohio St. 516; and *Corbett* v. *Corbett* (1930), 123 Ohio St. 76.

Specifically, *Peters, supra,* and *Wolfe, supra,* rejected the previous view that support provisions were contractual in nature. The conceptual change was not intended to insulate either parent from liability to a third party who provided necessaries to the offspring. The reimbursement procedure articulated in *Tullis, supra,* is not only still viable but also realistic. The plaintiff, Children's Hospital of Akron, was not a party to the divorce decree; it is only involved in the present litigation because it met its obligation to provide medical treatment to the defendants' son.

The above is consistent with the statutory provisions in the area of parental support. See R. C. 2111.08, 2919.21, 3103.03 and 3109.05. These sections clearly demonstrate that parents, by virtue of their status as such, possess a legal and

societal duty to support their children. See, generally, *In re Terrell* (1976), 48 Ohio App. 2d 352; *State* v. *Oppenheimer* (1975), 46 Ohio App. 2d 241.

The mother does not reject this premise per se. Her position is that the duty of support after divorce, pursuant to R. C. 3109.05, is governed solely by the decree. She distinguishes R. C. 2111.08 and 3103.03 from R. C. 3109.05, because the former statutes refer to the duties of the husband *and* wife, which obviously is not the case at bar. See, generally, *Hill* v. *Hill* (1973), 40 Ohio App. 2d 1. The nomenclature in the above statutory sections does differ, but we do not believe the inherent responsibilities of parenthood are affected. See R. C. 2919.21. It would be a paradoxical situation to force the state, a hospital or any third party to bear the expense of a child's medical treatment when the parents are capable of meeting the burden.

To conclude, we hold that it is the collective duty of the parents to provide for their minor children, vis-a-vis third parties, irrespective of the legal rights of the parents *inter se.* We believe that such a holding affects neither the nature of a divorce decree nor the rights or remedies available to a parent thereunder.

The judgment of the Akron Municipal Court is affirmed.

*Judgment affirmed.*

VICTOR and MAHONEY, JJ., concur.