THE STATE OF OHIO, DEPARTMENT OF
MENTAL HEALTH & MENTAL RETARDA-
TION, BUREAU OF SUPPORT, APPELLEE,
*v.* WIEDEMANN, APPELLANT;
CAROTA, APPELLEE.

(No. 861—Decided
December 31, 1980.)

*Mr. William J. Brown,* attorney general, and *Ms. Shirley A. Cool,* for appellee Department of Mental Health and Mental Retardation.

*Messrs. Wesselman & Renner* and *Mr. Francis M. Hyle,* for appellant.

*Messrs. French, Marks, Short, Weiner & Valleau* and *Mr. Douglas M. Mansfield,* for appellee Julius A. Carota.

BLACK, J. Appellant, Joan C. Wiedemann (Wiedemann), appeals from a judgment rendered against her for $3,972 for the cost of supporting her minor son in the Orient State Institute under R.C. Chapter 5121, for the period from January 21, 1970 to March 31, 1976. Wiedemann had filed a third-party complaint against her former husband, appellee Julius A. Carota (Carota), asserting that, under the divorce decree as modified, he was ordered to pay all support expenses for their minor son. The trial court below held that it had no authority to order the husband to pay such support, without saying why it lacked that authority.

In her three assignments of error, Wiedemann claims (1) that the court erred in failing to dismiss the complaint of the plaintiff-appellee, the Department of Mental Health and Mental Retardation, Bureau of Support, at the close of the state's case because the evidence was insufficient, (2) that the court erred in granting judgment against her because the divorce decree prevails over the statutory obligations of support found in R.C. Chapter 5121, and (3) that the court erred in granting judgment for Carota on the third-party complaint. We find merit only in the third assignment of error.

As to the first assignment of error, R.C. 5121.04(E) states, unequivocally, that the state's "proof of claim" shall be

received in evidence and shall be prima facie evidence of the facts therein contained. In this case, the proof of claim was in the form of an affidavit attached to the complaint. Wiedemann's motion to dismiss at the close of the state's case was founded upon the fact that the only supporting document the state had to substantiate its assessment of her income during the years 1970 through 1975 was an unsigned response from her employer. We find no merit in the first assignment because the prima facie character of the "proof of claim" makes it sufficient evidence of the facts therein contained to carry the state's initial burden, and it then places on the defendant the burden to go forward with rebuttal evidence. That burden to go forward is not met by merely attacking the information-gathering procedures of the Bureau of Support; it is met by evidence controverting the facts set forth in the proof of claim.

The second assignment of error asserts error in granting judgment against Wiedemann who claims that the divorce decree, which ordered Carota to pay all bills for keeping their son at Orient State Institute, prevails over the statutes, which impose separate support obligations on the parents of a minor while a patient at a state institution. The assignment has no merit for two reasons. Firstly, the state cannot be collaterally estopped from asserting its statutory rights to parental contribution by a divorce proceeding in which it was not a party. See *Parklane Hosiery Co., Inc.*, v. *Shore* (1979), 439 U.S. 322. Cf. *Homan* v. *Cincinnati Mental Health Institute, Inc.* (Hamilton Cty. Ct. of Appeals No. C-780759, April 16, 1980), unreported. Secondly, we perceive a clear distinction between the statutory obligations of support and judicial orders allocating support obligations between divorced parents. The Domestic Relations Court has clear authority to place the burden of child support as it shall deem best, within the scope of discretion allowed in R.C. 3109.05; but this authority does not eliminate or in any way affect the liability of both parents for the support of a minor patient under R.C. 5121.06 and the related sections of the Revised Code. By way of analogy, it might be said that the court's support order may create an indemnity whereby one parent is ordered to make payments that are the statutory obligation of the other parent. However, the obligee (the state) can collect only in accordance with R.C. Chapter 5121; and, when both parents are obligated thereunder, the question of who will pay for what share of the total is a matter to be determined *from the divorce decree.*

The foregoing conclusion disposes of Carota's position that since he had paid his share of support as determined by the Bureau of Support, he had no further obligation of any nature.

In the third assignment, the error asserted is the failure to grant Wiedemann (third-party plaintiff) judgment against Carota (third-party defendant), under his court-ordered obligation to make all support payments for the son at Orient State Institute. The divorce decree, as modified in 1966 and 1972, clearly and unequivocally ordered Carota to pay *all* bills for institutional care, specifically naming Orient State Institute in the 1972 modification. The child was admitted at the Institute on January 21, 1970. The order could hardly be clearer, and as the order of the Court of Common Pleas of Hamilton County, it was entitled to full faith and credit, having been properly authenticated and proved in the Court of Common Pleas of Clermont County. Thus, contrary to the decision below, the Court of Common Pleas of Clermont County had full authority to render judgment for Wiedemann against Carota for her share of the support payment. Judgment should have been rendered on the third-party complaint in favor of Wiedemann, and the court erred

in failing to do so. The third assignment of error has merit.

We affirm the judgment in favor of the state (the Department of Mental Health and Mental Retardation, Bureau of Support) against Wiedemann for $3,972, plus interest at the rate of six percent per annum from May 6, 1976. However, we reverse the judgment in favor of Carota as third-party defendant; and, rendering the judgment to which Wiedemann is entitled, we hereby enter judgment against Carota in favor of Wiedemann on her third-party complaint in the amount of $3,972, plus interest at the rate of six percent per annum from May 6, 1976.

*Judgment accordingly.*

BETTMAN, P.J., and PALMER, J., concur.