THE STATE, EX REL. DEPARTMENT OF
MENTAL HEALTH AND MENTAL
RETARDATION, SECTION OF
REIMBURSEMENT SERVICES, APPELLEE,
*v.* TALIKKA, GUARDIAN, APPELLANT;
CITIZENS SAVINGS & LOAN COMPANY,
APPELLEE.

(No. 9-265—Decided December 27, 1983.)

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Alan G. Gelbman,* for appellee Dept. of Mental Health and Mental Retardation.

*Mr. David P. Freed,* for appellant.
*Mr. Will M. Elmore,* for appellee.

COOK, J. On July 9, 1976, William Thomas Baldauf, a.k.a. William T. Baldauf, was found not guilty by reason of insanity as to an indictment for aggravated murder. He was committed for an unspecified period of time to Lima State Hospital, his commitment to be terminated only when his sanity was restored and his release would not be dangerous to himself or society.

On May 20, 1980, appellee, State of Ohio, Department of Mental Health and Mental Retardation, filed an action against appellant, Leo J. Talikka, Guardian of the Estate of William Thomas Baldauf, setting forth a claim in the amount of $59,544.08 for the care, support, and maintenance furnished Baldauf at Lima State Hospital from July 14, 1976 through January 31, 1980. After appellant filed an answer, appellee filed a motion for summary judgment. The motion was granted in the amount demanded by appellee in its complaint.

Appellant has appealed the judgment of the trial court and has filed the following two assignments of error:

"1. The trial court erred to the prejudice of defendant-appellant by holding that Sec. 5121.12 Rev. Code of Ohio does not violate the Fourteenth Amendment to the Constitution of the United States and Sec. 2, Article I of the Constitution of the State of Ohio.

"2. The trial court erred to the prejudice of defendant-appellant by granting summary judgment to plaintiff-appellee."

The assigned errors are without merit.

R.C. 5121.12 provides:

"The support and maintenance of patients confined in state hospitals for the mentally ill or in state institutions for the mentally retarded, excepting those transferred thereto from correctional, penal, and reformatory institutions, and persons under indictment or conviction

for crime, shall be collected and paid in accordance with this chapter."

Appellant contends that R.C. 5121.12 violates the equal protection provisions of the United States and Ohio Constitutions because there is no rational distinction under said statute between the protected class of patients who are exempt from payment and the non-protected class of patients who are compelled to reimburse the state for treatment received at a state facility for the mentally ill. He bases his contention on the fact that the class of protected patients includes those under indictment, who are presumed to be innocent, as well as those who have been convicted of crime, or incarcerated for crime, or both. Since Baldauf was found innocent as a result of a "not guilty by reason of insanity" verdict, appellant argues R.C. 5121.12 violates the equal protection provisions of the United States and Ohio Constitutions by requiring Baldauf to pay for his support and maintenance at a state facility for the mentally ill, but not requiring those under indictment, who are also innocent, to pay for their support and maintenance.

In *State* v. *Buckley* (1968), 16 Ohio St. 2d 128 [45 O.O.2d 469], the Ohio Supreme Court, in paragraph three of the syllabus, held:

"Legislation must apply alike to all persons within a class, and reasonable grounds must exist for making a distinction between those within and those without a designated class. Within the limits of those restrictive rules, a legislative body has a wide measure of discretion. (Paragraph two of the syllabus of *Porter* v. *Oberlin,* 1 Ohio St. [2d] 143 [30 O.O.2d 491], approved and followed.)"

R.C. 5121.12 divides patients in state facilities for the mentally ill and the mentally retarded into two classes as to the payment for support and maintenance they receive in such state facilities. On the one hand, the legislature has not required payment for said support and maintenance by those who are transferred to a state facility from correctional, penal, and reformatory institutions, or by those who are under indictment or conviction for crime. On the other hand, all other patients in said state facilities are subject to paying for said support and maintenance in accordance with law.

Appellant argues that R.C. 5121.12 is not based on any rational relationship between a legitimate state interest as to the treatment of those within and those without the classification defined in the statute since those under indictment are innocent but are exempt from payment, while others, including appellant, are innocent but are in the class of patients that must pay.

However, there is a rational basis for distinguishing between persons in Baldauf's position and those who are exempted from payment for their support and maintenance. Baldauf's commitment is of the same nature and substance as a commitment in a civil proceeding. He has not been found guilty of any crime nor does he stand charged with a crime upon release from the state mental facility. On the other hand, those exempted from payment have been convicted of a crime or have been committed to such a facility until they become competent to stand trial for a crime against the state.

The legislature could logically conclude that those committed to a state mental facility who have been convicted of a crime against the state and those charged with a crime against the state who must stand trial, when competent to do so, should be kept at the expense of the state.

We conclude such a state interest is a reasonable ground for a distinction between those within and those without the designated class established by R.C. 5121.12. The legislature did not abuse its discretion in enacting R.C. 5121.12. Said statute does not violate the equal protection provisions of the United States and Ohio Constitutions.

In his second assignment of error, ap-

pellant contends the trial court erred in granting appellee's motion for summary judgment because there was a genuine issue as to a material fact, whether the state facility for the mentally ill in which Baldauf was confined met the staffing requirements of the joint commission on accreditation of hospitals. If said facility did not meet said standards, appellant contends only $10 per day, at the most, could be charged Baldauf for his care or treatment pursuant to R.C. 5121.04(F) (which subsection was deleted from the statute in 1981). Appellant argues appellee failed to offer evidence in support of its motion for summary judgment as to this material fact and, therefore, it was still a genuine issue in the case.

Civ. R. 56(C) provides:

"Motion and proceedings thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

In the instant cause, appellee filed a proof of claim in support of its motion for summary judgment setting forth the pertinent periods of time and rates charged to appellant. Appellant filed no evidence contra the motion, only a memorandum in opposition. Appellant relied solely on his pleading, which he is not permitted to do under Civ. R. 56(E). Said rule requires an adverse party, when a motion for summary judgment is made and supported, to set forth specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial.

R.C. 5121.04(E), in pertinent part, provides:

"* * * In all actions to enforce the collection of payment for the liability for support, every court of record shall receive into evidence the proof of claim made by the state together with all debts and credits, and it shall be prima facie evidence of the facts therein contained."

In *State* v. *Book* (1969), 20 Ohio App. 2d 160 [49 O.O.2d 194], this court held:

"1. A properly authenticated transcript of charges made by the state of Ohio together with all debts and credits must be received by all courts of record in the state as prima facie evidence of the debt owed for the support of an inmate of a state mental institution.

"2. Upon the admission of a properly authenticated transcript of the charges, a prima facie case is made as to the contents contained therein and the burden of neutralizing them is upon the defendant.

"3. Where a properly authenticated transcript of charges has been received by a court of record and the defendants have offered no evidence to neutralize the prima facie case of the plaintiff, the prima facie case made out by the plaintiff must stand as true and judgment be entered for the plaintiff."

By his failure to raise a factual issue as to the rates charged appellant for Baldauf's care and treatment, the proof of claim filed by appellee was unchallenged; and, because the proof of claim was prima facie evidence of said charges,

no genuine issue as to the material fact of the correctness of said charges remained.

We conclude the trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed.*

DAHLING and FORD, JJ., concur.