THE STATE OF OHIO, DEPARTMENT OF MENTAL HEALTH REIMBURSEMENT SERVICES, APPELLEE, *v.* SZUCH, APPELLANT.

(No. L-87-176—Decided December 16, 1988.)

*Anthony J. Celebrezze, Jr.*, attorney general, and *Robert Kobee*, for appellee.

*George R. Royer*, for appellant.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.

Defendant-appellant, Frieda E. Szuch, was involuntarily hospitalized at the Toledo Mental Health Center from September 21, 1984 to December 21, 1984, and again from February 8, 1985 to March 14, 1985. Plaintiff-appellee, state of Ohio, Department of Mental Health Reimbursement Services ("DMHRS"), billed appellant for the care and treatment rendered during these hospitalizations. Contesting liability for these expenses, appellant filed suit in the trial court. Subsequently, the trial court granted summary judgment in favor of appellee DMHRS for the hospitalization expenses in the amount of $14,003.85, plus costs and interest at the rate of six percent per annum.

From said judgment appellant has set out the following sole assignment of error:

"The court erred in granting plaintiff's motion for summary judgment and ruling thereunder that the plaintiff was entitled to judgment for $14,500.00."

We begin our review by noting that summary judgment is a procedural device for terminating litigation which, if permitted to run its full course, would leave nothing for the trier of fact to resolve. The scope of a trial court's inquiry is narrowly confined to whether there exists any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). In the instant case, the trial court properly found summary judgment to be appropriate.

As stated above, appellant was involuntarily hospitalized at the Toledo Mental Health Center in excess of one hundred days. Appellant contends that summary judgment was inappropriate in the instant case in that the amounts charged appellant were excessive and unjustified, that appellant cannot be considered "without dependents" and that appellant's hospitalization was involuntary.

R.C. 5121.04(B)(1) provides that "[a] patient or resident without dependents shall be liable for the full per capita cost" of hospitalization. This is defined in R.C. 5121.03 as the rate of support. Appellee DMHRS presented as evidence of the applicable rate of support a properly authenticated transcript of charges accrued during appellant's hospitalizations. Such is considered *prima facie* evidence of a debt. See R.C. 5121.04(E) and *State* v. *Book* (1969), 20 Ohio App. 2d 160, 49 O.O. 2d 194, 252 N.E. 2d 294. Appellant, without support or documentation of any kind, stated that these costs were excessive. The requirements of Civ. R. 56(E) provide that:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Because of appellant's failure to set forth any such facts, no issue requiring trial has been set forth as to the amount of fees owed.

Appellant further states that she should not be considered a "resident without dependents" in that she should

be able to claim herself as a dependent. R.C. 5121.04, concerning, among other things, determination of payments, states in Footnote b: "The number of dependents includes the liable relative but excludes the patient or resident in the hospital or institution. * * *"

Hence, the court properly found appellant to be without dependents.

Appellant also claims that summary judgment was inappropriate in that her hospitalization was involuntary. The fact that appellant's hospital stay at the Toledo Mental Health Center was involuntary is not dispositive. As stated by the court in *Fulk* v. *Moritz* (1981), N.D. Ohio No. C74-230, unreported, at 3, affirmed (1983), 460 U.S. 1075:

"* * * [L]ong-standing laws and practices permit this state to require persons involuntarily confined to pay the cost of their support and care when they are financially able to do so. Certainly this state has strong reasons and a rational purpose in making such charges."

The issue of voluntariness, therefore, does not serve to prevent summary judgment.

In sum, the trial court properly found that there existed no genuine issue of material fact in the instant case and that appellee was entitled to judgment as a matter of law. Accordingly, appellant's sole assignment of error is without merit and is found not well-taken.

On consideration whereof this court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK P.J., GLASSER and FRANKLIN, JJ., concur.

ROBERT V. FRANKLIN, J., retired, of the Court of Common Pleas of Lucas County, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.