DEPARTMENT OF HUMAN SERVICES, Appellee,

v.

BOND, Appellant.

[Cite as *Dept. of Human Serv. v. Bond* (1993), 92 Ohio App.3d 324.]

Court of Appeals of Ohio,
Summit County.

No. 16256.

Decided Dec. 15, 1993.

*Michele Tomer,* Summit County Assistant Prosecuting Attorney, for appellee.

*David M. Lowry,* for appellant.

---

QUILLIN, Presiding Judge.

Appellant, William F. Bond, appeals from the trial court's decision ordering him to reimburse the state of Ohio for $12,435 of public assistance received by his children. We affirm.

William and Betty Bond were divorced in 1971 pursuant to a divorce decree issued in California. That decree apparently required William to pay $10 per week for support of their two minor children, and William contends that he at all times paid the required amount. After the divorce, Betty moved to Ohio where she applied for and received $12,435 of Aid for Dependent Children ("ADC") from May 1975 through December 1985.

In June 1992, appellee, the Summit County Department of Human Services, brought this action against William seeking recovery of the ADC received by his children. The trial court found that William was the father of the children, that he had a duty to support them and that he was therefore liable for the $12,435 in ADC payments. Appellant appeals and raises one assignment of error:

"The Trial Court erred in holding that appellant is obligated for the repayment of public assistance funds expended on behalf of his minor children when appellant was paying support in full accordance with a support order from a foreign state."

R.C. 5107.04 sets forth statutory authority pursuant to which the department of human services may recover public assistance payments from an individual responsible for supporting the recipient of those funds. That section provides in relevant part:

"(C) * * * Whenever aid has been furnished to a recipient for whose support another person is responsible such other person shall, in addition to the liability otherwise imposed, as a consequence of failure to support such recipient, be liable for all aid furnished to such recipient. * * *"

A father's duty to support his children is recognized both statutorily and by common law. *Aharoni v. Michael* (1991), 74 Ohio App.3d 260, 263, 598 N.E.2d 1215, 1218. R.C. 3103.03. Further, it has been held that this duty is not impaired by the termination of a marriage. *Id.;* see, also, *State v. LeMasters* (Apr. 9, 1980), Lorain App. No. 2939, unreported (stating that a divorced parent's duty to support his children is established by R.C. 3103.03). Thus, appellant, as the father of recipients of ADC, is an individual responsible for the support of another under R.C. 5107.04.

■ Appellant argues, however, that he cannot, by law, be responsible for reimbursing the state of Ohio for support of his minor children because he paid the full amount of child support required in an order issued from the state of California. He contends that full payment pursuant to a support order negates any requirement to reimburse public assistance funds.

A distinction has been held to exist between a parent's statutory obligation of support and a judicial order allocating support obligations between divorced parents. *Dept. of Mental Health & Mental Retardation v. Wiedemann* (1980), 1 Ohio App.3d 27, 28, 1 OBR 17, 19, 437 N.E.2d 1212, 1214. See, also, Annotation (1949), 7 A.L.R.2d 491, 497, Section 5 (setting forth jurisdictions in which a party to a divorce may be responsible for support beyond that required by a support order).

In *State ex rel. Summit Cty. v. Jones* (Oct. 21, 1987), Summit App. No. 13104, unreported, 1987 WL 14622, this court held that although an ex-husband was not required to pay support by agreement between himself and his ex-wife, he was nevertheless responsible for reimbursing the state for ADC payments made to his children. We reasoned:

"Parents have both a statutory and a societal duty to support their children. * * * This duty exists vis-a-vis third parties regardless of an agreement or divorce decree providing otherwise." *Id.* at 4.

An analogous situation existed in *Children's Hosp. v. Johnson* (1980), 68 Ohio App.2d 17, 22 O.O.3d 11, 426 N.E.2d 515. In that case, the mother of a minor child contended that she was not responsible for payment of expenses when her child was rushed to the emergency room, arguing that the divorce decree between herself and her ex-husband placed the burden of the child's medical expenses on the child's father. It was the mother's position, as it is appellant's here, that the duty of support after divorce is governed solely by the divorce decree. The court rejected this argument, stating that it would be paradoxical to force the state to bear the child's medical expenses when the parents were capable of doing so. Rather, the court held that it is "the collective duty of the parents to provide for their minor children, vis-a-vis third parties, irrespective of the legal rights of the parents *inter se.*" *Id.* at 20, 22 O.O.3d at 13, 426 N.E.2d at 517. See, also, *Dept. of Mental Health & Mental Retardation v. Wiedemann, supra.*

We believe the same reasoning is applicable to the present case. As explained above, R.C. 3103.03 sets forth a father's statutory duty of support and R.C. 5107.05 permits recovery of public assistance furnished to a person for which another person is responsible. Under the above case law, we believe that appellant's support obligation exceeded that contained in the California order and

thus was not negated by payment pursuant to that order. The assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.