**OHIO DEPARTMENT OF MENTAL HEALTH, Appellee,**

v.

**BALDAUF, Appellant.**

[Cite as *Ohio Dept. of Mental Health v. Baldauf* (1995), 107 Ohio App.3d 467.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–083.

Decided Nov. 20, 1995.

468

*Betty D. Montgomery,* Attorney General, and *Marcia J. Macon,* Assistant Attorney General, for appellee.

*David P. Freed,* for appellant.

FORD, Presiding Judge.

This is an appeal from a judgment of the Lake County Court of Common Pleas. Appellant, William T. Baldauf, appeals from a finding that he owes $955,378.64 in reimbursement to the Ohio Department of Mental Health.[1]

On July 9, 1976, appellant was found not guilty by reason of insanity for a charge of aggravated murder. He was accordingly committed to an indefinite term in the Lima State Hospital, with his commitment to end only when his sanity was restored and when his release would not create a danger to society or to himself.

Appellee, Ohio Department of Mental Health, Fiscal Administration, filed a complaint in the Lake County Court of Common Pleas on December 27, 1993, seeking $955,378.64 in reimbursement for care, support and maintenance that had been provided to appellant during the time period of July 13, 1979 through November 30, 1993. It appears from a review of the record that this matter was first filed in the Lake County Court of Common Pleas, Probate Division, but that court declined jurisdiction because the claim was for a monetary award and directed the parties to the general division, which subsequently asserted jurisdiction.

At the bench hearing regarding this claim, neither party presented any witnesses, and appellee introduced copies of a "proof of claim," which demonstrated the amount of indebtedness that was allegedly owed for appellant's care.

Following the hearing, the trial court found for appellee in the amount of $955,378.64. Appellant now appeals raising the following as error:

"1. The trial court erred in failing to grant Defendant William T. Baldauf's Motion to Dismiss made orally at the conclusion of Plaintiff's evidence on the ground that Defendant William T. Baldauf is incompetent by reason of mental illness and, as a result thereof, lacks capacity to sue or be sued.

---

1. Appellant, an incompetent and ward of the state, is represented by his guardian, Leo J. Talikka. For the purposes of this appeal, the guardian will be referred to as "guardian" and his ward will be referred to as "appellant."

"2. The trial court, being a court of general jurisdiction in the Court of Common Pleas, lacks jurisdiction of the subject matter of this action for the reason that the Division of Probate of the Court of Common Pleas has exclusive jurisdiction to hear and determine the claim of the State.

"3. The trial court erred in failing to grant Defendant's Motion to Dismiss made orally at the conclusion of Plaintiff's case for failure on behalf of Plaintiff to comply with the provisions of [R.C. 5905.03], by making the administrator of Veterans Affairs a party to this action and failing to give the administrator of Veterans Affairs a five-day notice in advance of the time fixed for hearing in the within case.

"4. The trial court erred in failing to determine that the claim of Plaintiff is barred, in part, by the six-year statute of limitations contained in [R.C. 5121.04(E)].

"5. The trial court erred in failing to determine that [R.C. 5121.04(E)] and the case law interpreting said subparagraph violate the procedural due process provisions of the Fourteenth Amendment to the United States Constitution and Article One, Section 16, of the Ohio Constitution."

In the first assignment, appellant contends that the trial court erred in not holding that an indispensable party, specifically the guardian, was not named as a defendant in this action, and that because an incompetent cannot be sued, this action should have been dismissed. We disagree.

A guardian is a proper party in a lawsuit; however, the fiduciary does not have to be joined as an indispensable party. *Stuard v. Porter* (1908), 79 Ohio St. 1, 85 N.E. 1062. In this case, it is abundantly clear that the guardian received notice of this action, and he cannot demonstrate any prejudice resulting from appellee's failure to formally join a party that *may* be permissibly joined. Additionally, a review of the complaint shows that it was styled as "State of Ohio, Department of Mental Health, Fiscal Administration v. William T. Baldauf c/o Leo J. Talikka," and was addressed to Mr. Talikka's business address. Indeed, the record demonstrates that the complaint was served upon the guardian, and that no defense of lack of service or sufficiency of service was ever raised. Appellant's claim of prejudice and error in his first assignment is completely without merit, as no prejudice has been demonstrated. Appellant's first assignment is overruled.

Appellant's second assignment concerns alleged error in the general division of the common pleas court assuming jurisdiction in this matter in lieu of the probate division.

Although no probate court judgments are included in the appellate record of this case, it is clear from a review of the record that this matter was first raised in the probate court, which declined jurisdiction and directed the parties to settle this dispute in the general division of the common pleas court. Appellant now asks this court to find as error the failure to have this matter heard in the probate division.

The jurisdiction of probate courts is set forth in R.C. 2101.24, which provides:

"Except as otherwise provided by law, the probate court has jurisdiction:

" * * *

"(D) To appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle their accounts."

■ Pursuant to the foregoing statutory provisions, the probate division has exclusive jurisdiction as to all matters specifically set forth in R.C. 2101.24. See *Wolfrum v. Wolfrum* (1965), 2 Ohio St.2d 237, 31 O.O.2d 501, 208 N.E.2d 537; *Goff v. Ameritrust Co., N.A.* (May 5, 1994), Cuyahoga App. Nos. 65196 and 66016, unreported, 1994 WL 173544. Obviously, a probate court has continuing and exclusive jurisdiction over all matters pertaining to the relationship between a guardian and its ward. *In re Clendenning* (1945), 145 Ohio St. 82, 30 O.O. 301, 60 N.E.2d 676.

It has also been held that probate courts have no jurisdiction under R.C. 2101.24 to award money damages in certain actions. *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 647 N.E.2d 155; *Dumas v. Estate of Dumas* (1994), 68 Ohio St.3d 405, 627 N.E.2d 978; *Corron v. Corron* (1988), 40 Ohio St.3d 75, 531 N.E.2d 708; *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 22 OBR 27, 488 N.E.2d 210; *Alexander v. Compton* (1978), 57 Ohio App.2d 89, 11 O.O.3d 81, 385 N.E.2d 638.

■ This case involves a claim for reimbursement by the state for services rendered in state mental hospitals. The ultimate result of this judgment from the general division of the common pleas court is that appellee becomes a judgment creditor who must now go to the probate court to have it order the guardian to pay this judgment from the ward's assets. As the court stated in *In re Estate of Harmon* (Dec. 14, 1994), Pickaway App. No. 94 CA 6, unreported, 1994 WL 720293:

" ' "[I]n our own Ohio history, our Probate Courts have primarily been responsible for the preservation and correct administration of property * * * belonging to estates * * *. They have not been primarily concerned with the litigation of serious and oftimes [*sic*] acrimonious disputes. In Ohio this task has always been the primary responsibility of the Courts of Common Pleas." ' " *Id.* at 6.

Appellant states in his brief that this court in *In re Trusteeship of Kerney* (June 3, 1988), Lake App. No. 12–136, unreported, 1988 WL 59837, stated that "the Probate Court had exclusive subject matter jurisdiction where the State of Ohio sought to collect for care provided to a beneficiary of a testamentary trust." However, *Kerney* actually stated that "[w]e conclude the Lake County Probate Court had jurisdiction of the subject matter of the state's motion." *Id.* at 6.

■ While probate courts are permitted to exercise their jurisdiction and plenary power to resolve all issues before it when the court has asserted jurisdiction (as was the case in *Kerney* ), the probate court in this case chose to not exercise any jurisdiction. As this claim was for money damages, which do not directly affect the guardian and ward relationship, the general division of the common pleas court did not err when it asserted jurisdiction. It is now the state's obligation to request that the probate court order the guardian to pay this judgment, since granting permission or requiring the guardian to pay such an award is within the exclusive jurisdiction of the probate court, which controls the guardian's conduct and oversees the payment of the ward's debts.

Accordingly, appellant's second assignment is without merit and is overruled.

■ Appellant asserts in his third assignment that the trial court erred when it did not dismiss this action for the state's failure to comply with R.C. 5905.03. We disagree. R.C. 5905.03 provides that:

"The administrator [of the veterans' administration] shall be a party of interest * * * in any suit or other proceeding affecting in any manner the administration by the guardian of the estate of any present or former ward whose estate includes assets derived in whole or in part from benefits paid by the veterans' administration before or after September 17, 1947. Not less than five days prior to hearing in such matter, notice in writing of the time and place thereof shall be given by mail, *unless waived in writing*, to the office of the veterans' administration having jurisdiction over the area in which any such suit or proceeding is pending." (Emphasis added.)

The Allen County Court of Appeals in *Dept. of Mental Health v. Oliphant* (May 11, 1983), Allen App. No. 1–82–47, unreported, 1983 WL 7254, held that:

"It will be observed that this section merely makes the administrator a 'party in interest' and does not make him a necessary party or require his joinder as a party. Nor does it provide for summons upon the administrator or his agency, but merely prescribes notice of hearing directed to an appropriate office. As a mere party in interest his joinder appears, on the facts herein, to be permissive rather than mandatory." *Id.* at 2.

■ Accordingly, the trial court did not err when it did not dismiss this case for failure to join the administrator of veterans' affairs. Additionally, after the *Oliphant* case was decided, the statute was amended to specifically allow for written waiver of this notice. In this case, appellee produced a written agreement executed by the Department of Mental Health and the Veterans' Administration regional office. This agreement outlined the expected interaction that was to take place between the two agencies.

This agreement does not envision a reporting in circumstances such as were present in this case, as the regulations and practices of the Department of Mental Health were found, by the Veterans' Administration, to adequately protect veterans. The agreement outlines in what order of priority monies are to be disbursed, and approved the use of Veterans' Administration payments, as was desired in this case. We see no abuse of discretion in the trial court decision to accept this document as a waiver of notice when appellee merely wished to follow the agreement that had been reached with the Veterans' Administration.

■ As the *Oliphant* court stated prior to the enactment of the amendment permitting written waivers:

"In any event, if there were error of the trial court in not joining the administrator the right to be joined, if any, belonged to the administrator and not to the defendants. It does not appear, therefore, that such error could have aggrieved or prejudiced them." *Id.* at 2.

Accordingly, appellant's third assignment is without merit and is overruled.

■ Appellant's fourth assignment concerns alleged error in the trial court decision to not dismiss this complaint, in part, due to the operation of the six-year statute of limitations found in R.C. 5121.04(E). We agree.

As this court stated in *Dept. of Mental Retardation v. Bade* (Feb. 9, 1990), Lake App. No. 88–L–13–171, unreported, at 7, 1990 WL 10953:

"Reading R.C. 5121.04(E) on its face, the six-year statute of limitations applies to charges for a patient's support which are founded upon an agreement *or* which are charged by the department. Thus, contrary to appellant's argument, the six-year limitation applies * * *." (Emphasis *sic*).

Accordingly, the trial court did err when it did not dismiss those portions of the complaint which were time-barred. Obviously, appellant remains obligated to pay the judgment which was appealed to this court in 1983 if not already paid,[2]

---

2. See *State ex rel. Dept. of Mental Health & Mental Retardation v. Talikka* (1983), 13 Ohio App.3d 420, 13 OBR 507, 469 N.E.2d 888.

and is liable for all periods not barred by the statute of limitations. Appellant's fourth assignment is well taken.

██ Appellant's fifth assignment claims error in the trial court's refusal to find R.C. 5121.04(E) and the related cases unconstitutional. This assignment is completely without merit.

██ R.C. 5121.04(E) states that the state's "proof of claim" shall be received in evidence and shall constitute prima facie evidence of the facts contained in it. This court stated in *State v. Book* (1969), 20 Ohio App.2d 160, 162, 49 O.O.2d 194, 195, 252 N.E.2d 294, 295, that:

"This court is of the opinion that a properly authenticated transcript of charges made by the state together with all debts and credits must be received by all courts of record in the state as prima facie evidence of the debt owed for the supporting of an inmate of a state mental institution."

Appellant has demonstrated no claim that would lead us to reverse our prior holding in *Book. Id.;* see *Ohio Dept. Of Mental Health Reimbursement Serv. v. Szuch* (1988), 55 Ohio App.3d 189, 563 N.E.2d 353; *Dept. of Mental Health v. Wiedemann* (1980), 1 Ohio App.3d 27, 1 OBR 17, 437 N.E.2d 1212. Once the "proof of claim" is introduced and accepted in evidence, it merely constitutes prima facie proof of the charges, and the defendant is free to submit materials to counter or otherwise oppose the evidence reflected in the proof of claim. *Szuch; Wiedemann.* The charges reflected in the proof of claim are not irrebuttable, but instead create a rebuttable presumption that such charges are owed. Once such a proof of claim is submitted and accepted, it then places on the defendant the burden to go forward and present rebuttal evidence. *Wiedemann,* 1 Ohio App.3d at 27–28, 1 OBR at 17–19, 437 N.E.2d at 1213–1215.

The hearing in this case provided appellant with a full opportunity to oppose the necessity or the appropriateness of these charges. The fact that appellant chose not to submit any evidential materials to oppose the charges reflected in the proof of claim does not make the hearing which held him liable to pay for his care in state hospitals constitutionally inadequate.

R.C. 5121.04 establishes that persons who are committed in state mental hospitals are liable to the state for the costs incurred by the state for their care. A per diem cost is established according to statute, and this amount is reflected on the proof of claim. The trial court is required to accept this document as prima facie evidence of the charges. If appellant wished to argue that the charges were unreasonable or unjustifiable, then he should have independently produced evidence which showed that the amount charged by the state for care was, in fact, excessive. Appellant's fifth assignment is overruled.

For the foregoing reasons, the decision of the Lake County Court of Common Pleas, is affirmed as to the first, second, third and fifth assignments, and reversed and remanded for proceedings consistent with this opinion with respect to the fourth assignment.

*Judgment accordingly.*

JOSEPH E. MAHONEY and NADER, JJ., concur.