Dorene Lieberman n.k.a Dorene Ellingson appeals from a post-decree judgment of the Domestic Relations court denying her motion to show cause filed against her ex-husband, Arrol Lieberman, for nonpayment of medical expenses and child support for their two children, Jason and Melissa; denying her claim for attorney fees; improperly calculating child support; awarding sanctions to Lieberman; excluding evidence; and setting off a child support arrearage against a judgment for attorney fees.
After carefully considering the assignments of error presented for our review, the record before us, and the applicable law, we have concluded that the assignments are not well taken and that the court did not abuse its discretion. Therefore, we affirm the judgment of the court.
The history of the case reveals that the court ordered a dissolution of marriage in January, 1982. In that decree, the court ordered Lieberman to pay $162 per month in child support for Melissa, to maintain health insurance coverage for both children, to pay the first $50 per month in unreimbursed uninsured medical expenses for Jason, and to pay 77% of unreimbursed uninsured medical expense in excess of $50 per month for both children. Also, the court ordered Ellingson to pay Lieberman's attorney fees in the amount of $3,475.
The record further reveals that in connection with the postdecree hearing on the motions, Ellingson requested a thirty-day extension of the discovery cut-off date, which the court granted extending discovery until October 9, 1994. In December, 1994, however, Ellingson deposed Dr. Emmanuel Mandel, an adolescent clinical social worker, and Joy Cohen, a licensed counselor, expecting to use that testimony at court.
The court referred the matter to a magistrate who heard the following motions on March 8, 1995: Ellingson's motions to show cause in connection with payment of medical expenses and child support (No. 200389), sanctions (No. 233775), and judicial determination as to the proper filing of a parenting affidavit (No. 270935), and Lieberman's motions to modify support (No. 208227) and (No. 233107), compel production of tax returns (No. 224665), sanctions (No. 224666), modify support (No. 233107), and attorney fees (No. 233110)
During the hearing, Ellingson testified that she worked as a tutor for Ellingson Review, a company in which she owns a 50% interest, and her second husband, Jon, owns the remaining 50% interest and serves as its bookkeeper. Ellingson stated that she charged between $25 and $40 per hour for her work and worked 20 hours per week. She did not, however, provide the court with any documentation to verify her income.
Lieberman submitted his 1994 income tax return and pay stubs and testified that his position with the Jewish Recreation Counsel terminated in April, 1995.
During the hearing, the magistrate did not admit exhibit 32, a list of expenses submitted by Blue Cross nor exhibits 34 and 35, the depositions of Cohen and Dr. Mandel.
Over Ellingson's objection, the court adopted the magistrate's recommendation, which denied her motions to show cause and for sanctions, and granted Lieberman's motion to modify child support and motion for sanctions. In its order, the magistrate calculated Ellingson's annual income for 1994 and 1995 at $41,600, and also, set off the amount of $3,080 in back child support which Lieberman owed Ellingson against a $3,475 judgment which Ellingson owed Lieberman for attorney's fees. From that order, Ellingson appeals and assigns six assignments of error for our review.
The first assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO REQUIRE ARROL LIEBERMAN TO PAY A PORTION OF THE CHILDREN'S MEDICAL BILLS.
Ellingson claims Lieberman owes her the sum of $10,000 for unreimbursed medical expenses, which she allegedly incurred. Lieberman contends that he does not owe Ellingson any unreimbursed uninsured medical expenses because he complied with the court's order, which required him to provide medical insurance for his children. Thus, the issue here concerns whether the court abused its discretion when it denied Ellingson's motion requesting Lieberman pay a portion of the medical bills.
We begin by noting that an appeal from the domestic relations court is reviewed under an abuse of discretion standard. The term abuse of discretion" connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108,112; Martin v. Martin (1985), 18 Ohio St.3d 292, 294-295;Blakemore v. Blakemore (1983) 5 Ohio St.3d 217, 219.
When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161;Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 131.
In Children's Hospital off Akron v. Johnson (1980), 68 Ohio App.2d 17,18, the court stated:
 When parents are able, it is their responsibility to provide for the reasonable needs of their children. This is a fundamental principle in our society. While a divorce decree may alter an individual parent's immediate * * * rights and responsibilities, it does not alter the common perception of the collective duties which flow from parenthood. * * * Parental obligations do not end simply because the marriage does.
The separation agreement entered into at the time of the dissolution obligated Lieberman to maintain health insurance, pay the first $50 of unreimbursed, uninsured medical expenses for Jason and 77% of unreimbursed, uninsured medical expenses for both children.
The record here reflects that Lieberman maintained a health insurance policy with Blue Cross for his children, and Ellingson does not dispute that he did so; rather she claims that she forwarded $10,000 worth of medical expenses to Lieberman, but that he failed to submit them to his medical insurance carrier. Lieberman acknowledges that he received the statements, but could not submit them to the insurance carrier for reimbursement because they were not bills, only statements of charges. The magistrate concluded that Lieberman did not breach his obligation, and the court adopted the magistrate's recommendation. Based on our review of these facts, we cannot conclude the court abused its discretion in this regard, and we, therefore, overrule this assignment of error.
Because assignments of error two and three are premised upon the same facts and argument, we shall consider them together.
They state:
 THE TRIAL COURT FAILED TO PROPERLY CALCULATE CHILD SUPPORT.
 THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING SANCTION TO MR. LIEBERMAN.
Ellingson claims that the court improperly calculated the child support obligation because it imputed her income. Lieberman contends the court properly imputed her income consistent with her testimony because she failed to provide the court with documentation to verify her 1994 income. Thus, the issue here concerns whether the trial court abused its discretion when it imputed $41,600 as income for Ellingson in 1994 and 1995.
R.C. 3113.215 (A) (5) permits the court to calculate "potential income" in order to calculate a voluntarily unemployed or underemployed parent's support obligation. Specifically R.C.3113.215 (A) (5) (a) permits the court to impute potential income.
 (a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, the prevailing job opportunities and salary levels in the community in which the parent resides * * *
Furthermore, R.C. 3113.215 (B) (5) (a) provides in part:
 The parents shall verify current and past income and personal earnings with suitable documents, including but not limited to, pay stubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns.
Here, Lieberman provided the court with documentation of his income; Ellingson, however, did not provide the requisite verification, but did testify about her income stating that she owns 50% of Ellingson Review and that she charges between $25 and $40 per hour and that she works 20 hours per week. Based on her testimony, using the $40 per hour rate, the court calculated her annual income at $41,600. Since the court has statutory authority to impute income and since Ellingson failed to verify her earnings with suitable documentation, we cannot conclude that the court abused its discretion in calculating her income in accordance with her testimony. Accordingly, this assignment of error is overruled.
The fourth assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY EXCLUDING EVIDENCE.
Ellingson claims that the court erred in excluding exhibit 32. a list of medical expenses that she obtained from Blue Cross and exhibits 34 and 35, the depositions of Cohen and Dr. Mandel. Lieberman contends that the court properly excluded trial exhibit 32 pursuant to Evidence Rule 901 and exhibits 34 and 35 because Ellingson conducted those depositions after the discovery cut-off date. The issue here concerns whether the court abused its discretion in excluding this evidence.
In Renfro v. Black (1990), 52 Ohio St.3d 27, 32, the court stated the standard of review for the admission of evidence:
 A trial judge has wide discretion when determining the admissibility of such evidence, and will not be disturbed on appeal absent a clear showing of abuse of discretion.
Moreover in Collins v. Storer Communications, Inc. (1989),65 Ohio App.3d 443, 446, the court held:
 [A] proponent * * * must seek the introduction of the evidence by proffer or otherwise at trial in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal.
See, also, Gibson v. Gibson (1993), 87 Ohio App.3d 426, 430-31.
In this case, Ellingson did not proffer exhibit 32, which the court excluded based on Ellingson's failure to authenticate the document as required by Evidence Rule 901. Even though exhibit 32 has been transmitted to our court, it is not properly before the court. Absent a proffer, we are unable to determine whether the actions of the court in excluding these exhibits constituted an abuse of discretion.
Ellingson deposed Cohen and Dr. Mandel after the October 9, 1994 discovery deadline. The court did not abuse its discretion in enforcing its discovery deadlines. Accordingly, we reject this assignment of error.
The fifth assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY OFFSETTING JUDGMENTS.
Ellingson contends that the trial court abused its discretion when it set off a child support arrearage that Lieberman owed her against a judgment she owed Lieberman for attorney fees. Lieberman maintains that this set off is within the court's discretion.
The issue for our resolution concerns whether the court abused its discretion when it set off Ellingson's judgment of $3,475 for attorney fees against Lieberman's obligation to pay Ellingson a child support arrearage in the amount of $3,080.
In Krause v. Krause (1987), 35 Ohio App.3d 18, 19, the court considered a matter involving setting off a $7,800 judgment for child support against a current obligation to pay child support and determined that equity allowed the set off:
 A trial court's authority to set off one judgment against another involving the same parties is a well-established equitable principle. Barbour v. National Exchange Bank
(1893), 50 Ohio St. 90, 98 * * *. Therefore, the trial court's decision to set off the parties' judgments was within the discretion of the court and will not be disturbed on appeal absent an abuse of discretion.
 Clearly, the trial court had a right to set off appellant's child support payments against the arrearages owed by appellee. The payments involve the same parties and arise out of the same rights of the parties to child support.
In Krisher v. Krisher (1992), 82 Ohio App.3d 159, the court vacated and remanded the court's set off because the set off of spousal support against a cash award would not achieve equity in the distribution of marital assets. Id. at 165.
Here the court set off Ellingson's judgment against Lieberman's obligation for back child support. This action involves the same parties, the amount of the debt owed to each party is comparable, and the children are now emancipated. Hence, we conclude this assignment of error is not well taken.
The sixth assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO AWARD ATTORNEY FEES.
Ellingson contends that the court abused its discretion when it denied her claim for more than $20,000 of attorney fees in connection with these post-decree motions. Lieberman maintains the court properly denied attorney fees because she did not prevail on any of her motions and contributed to the cost by obtaining more than twenty continuances. The issue here concerns whether the trial court abused its discretion when it denied Ellingson's request for attorney fees for the post-decree motions.
In Rand v. Rand (1985). 18 Ohio St.3d 356, 359, the court stated:
 It is well-established that an award of attorney fees is within the sound discretion of the trial court. Citing, Blum v. Blum (1967), 9 Ohio St.2d 92, syllabus.
Moreover in Gross v. Gross (1990), 64 Ohio App.3d 815, 821, the court confronted the issue of attorney fees in a divorce and held:
 Having concluded that it was error to award an increase in alimony, there no longer exists a basis for the award of attorney fees. * * * This is not to say that attorney fees are only to be awarded to a prevailing party as is generally true in civil actions. The award should still be based upon the relative need of the two parties. However, attorney fees may not be awarded to a completely unsuccessful litigant.
See, also, Gross v. Gross (1985), 23 Ohio App.3d 172, 174-175, where the court denied attorney fees to a plaintiff who prevailed on only a small percentage of her claims.
In this case, Ellingson requested attorney fees in her motion to show cause, which the court denied. Moreover Ellingson did not prevail on any of her claims, and according to Gross v. Gross (1990), supra, the court may not award fees. In addition, the record reveals that Ellingson incurred substantial fees in part based on her own attorney's repeated request for continuances in this matter which added to the cost of this litigation. The trial court properly rejected this claim and did not abuse its discretion in doing so. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and MICHAEL J CORRIGAN, J., CONCUR
 ___________________________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S. Ct. Prac. R. II, Section 2 (A) (a).