Matthias, J.
 

 The issue of fraudulent transfer is not presented to this court, and as the case comes to us the questions of. law involved are the same as they would have been had the conveyance of the legal title to the premises been made directly to the debtor instead of to his wife upon the debtor’s request. The question thus presented is whether a judgment lien attaches to an equitable interest in the real estate of a judgment debtor. This involves the construction of Section 11655, Ceneral Code.
 

 Prior to 1880, when the operation of an execution was by the terms of the statute (Swan
 
 &
 
 Critchfield, page 1063, Section 420) limited to lands, tenements, goods, and chattels, it seemed entirely clear that only the legal title to property was subject to execution and levy, but subsequent to the change in the statute in 1880 (Section 3574, Revised Statutes of 1880) by the addition of the phrase, “including vested interests therein,” following the words “lands and.tenements,” this court in the case of
 
 First National Bank of Cortland
 
 v.
 
 Logue, Trustee,
 
 89 Ohio St., 288, 106 N. E., 21, L. R. A., 1915B, 340,
 
 *113
 
 held as follows: “The interest of a vendee in the possession of real estate under a contract of purchase, the legal title being in the vendor, is a vested interest within the meaning of that phrase as used in Section 11655, General Code.”
 

 Subsequent to the rendition of that decision the Legislature again amended Section 11655, General Code (111 Ohio Laws, 366), by insertion of the word “legal,” so that the section now reads: “Lands and tenements, including vested legal interests therein, permanent leasehold estates renewable forever, and goods and chattels, not exempt by law, shall be subject to the payment of debts, and liable to be taken on execution and sold as hereinafter provided.”
 

 In view of this material alteration of the statute, the case
 
 Bank
 
 v.
 
 Logue, supra,
 
 can no longer be regarded as an authoritative decision upon the construction and effect of the provisions of the statute in question. We need not concern ourselves with the discussion of counsel wherein he questions the correctness of that decision.
 

 The purpose of the legislative amendment enacted since that decision specifically to limit the interest in lands and tenements liable to be taken on execution to “vested legal interests therein” is clear and manifest. To hold that, notwithstanding that material amendment of the statute, equitable interests in lands and tenements were still liable to be taken on execution, would be to completely disregard the substantial amendment of the statute under consideration. That material change in the effect and operation of the law must be recognized. The Jacobs did not procure a legal title to the premises until satisfaction of the agreed consideration. That title was
 
 *114
 
 conveyed by deed, and simultaneously therewith a mortgage securing payment of the remainder of the debt was executed to Culp, which would be superior to the claim asserted by the judgment creditors. The method of reaching equitable interests and applying the same to the satisfaction of a judgment is provided by Section 11760
 
 et seq.,
 
 General Code.
 

 Being of the opinion that under the provisions of Section 11655, General Code, as amended in 1925 (111 Ohio Laws, 366), and as it now exists, equitable interests in real estate cannot be levied upon and sold under execution, we hold that the Court of Appeals was in error in its judgment in that respect, and it is therefore reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Day and Allen, JJ., concur.