Lamneck, J.
In their answer, the defendants deny generally the allegations in the amended petition and, as a second defense, set forth that the judgment debtors acquired legal title to said real estate in November 1950, and that on December 22, 1950, the defendants bought the same by warranty deed from the judgment debtors.
The second defense of the plaintiff, set forth in its second amended reply, reads as follows:
“For a second defense to said defendants’ second defense, plaintiff says that on the 24th day of February, 1948, the defendants, Lewis Lawrence and Kathryn Lykins, pursuant to a land contract between said defendants and a third party, were in possession of the parcel of real estate described in plaintiff’s petition. That said land contract provided that upon the payment of certain sums said third party would convey *545 to said defendants by warranty deed; and that on and before said 24th day of February, 1948, said defendants had paid to said third party on said contract such amounts as to give said defendants an interest in said property more than sufficient to pay plaintiff’s claim herein; and that subsequent to said 24th day of February, 1948, and before the date of the deed from said defendants to defendants Coffey, defendants Lawrence and Lykins completed the terms of said land contract, and were given by said third party a warranty deed for said real estate. Further that defendants Coffey had knowledge of the existence of said land contract, the' possession of defendants Lawrence and Lyldns thereunder, and of the completion of said contract prior to the 26th day of December, 1950.”
It thus appears from the pleadings that the judgment debtors had possession of the real estate under a land contract prior to and on February 24, 1948; that subsequent to February 24,1948, the judgment debtors fulfilled the terms of the land contract and secured a warranty deed to the property; that the judgment debtors conveyed the same to the defendants on December 22, 1950; and that the certificate of judgment was filed in Huron county on February 24, 1948.
The plaintiff assigned three claims of error in the Court of Appeals, but all were waived in the Court of Common Pleas by virtue of the pleadings, except number three which reads as follows:
“The court erred in sustaining defendants’-appellees’, Willis E. Coffey and Edith C. Coffey, demurrer to the second defense of the second amended reply of plaintiff-appellant. ’ ’
The plaintiff assigned four errors in this court, but all relate to the third error assigned in the Court of Appeals. The issues before this court may be briefly stated as follows:
1. Where a judgment creditor files a certificate of *546 the judgment in accordance with the provisions of Section 11656, General Code (Section 2329.02, Revised Code), does such judgment creditor have a lien on the equitable interest of the judgment debtor in real property under a land contract?
2. Where a judgment creditor files a certificate of the judgment in accordance with the provisions of Section 11656, General Code '(Section 2309.02, Revised Code), does such judgment creditor acquire a lien on after-acquired real estate of the judgment debtor?
On February 24, 1948, the date the certificate of the judgment was filed in Huron county, Sections 11655, 11656 and 11656-1, General Code (Sections 2329.01, 2329.02 and 2329.03, Revised Code), read, in part, as follows:
Section 11655, General Code. “Land and tenements, including vested legal interests therein, * * * shall be subject to the payment of debts, and liable to be taken on execution and sold as hereinafter provided.”
Section 11656, General Code. “Any judgment * :K * rendered * * * within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time when there shall have been filed in the office of the Clerk of the Court of Common Pleas of such county a certificate of such judgment * * V’
Section 11656-1, General Code. “Lands and tenements of a judgment debtor shall also be bound with a lien for the satisfaction of any judgment * * * without the filing of such certificate ® * * from the time the same are seized in execution * * *.”
Prior to the amendment of Section 11655, General Code, in 1925 (111 Ohio Laws, 366), it read in part, “land and tenements, including vested interests therein.” By the amendment, the word, “legal,” was inserted, maldng the phrase read, “land and tenements including vested legal interests therein.”
*547 In construing Section 11655, General Code, before the 1925 amendment, this court in First National Bank of Cortland v. Logue, Trustee, 89 Ohio St., 288, 106 N. E., 21, L. R. A. 1915B, 340, held as follows:
“The interest of a vendee in the possession of real estate under a contract of purchase, the legal title, being in the vendor, is a vested interest within the meaning of that phrase as used in Section 11655, General Code, and such interest is bound, under the provision of Section 11656, General Code, for the satisfaction of a judgment against such vendee.”
Since the 1925 amendment to Section 11655, General Code, this court, in Culp v. Jacobs, 123 Ohio St., 109, 174 N. E., 242, held that the insertion of the word, “legal,” limited the interest in lands and tenements liable to be taken on execution to “vested legal interests therein,” and that “equitable interests in real estate are not subject to levy and sale upon execution.” The 1925 amendment was intended to exempt equitable interests in lands and tenements from levy and sale upon execution. As the judgment debtors had an equitable interest only in the property by way of a land contract on the day the certificate of judgment was filed in Huron county, a judgment lien did not attach to said property. The judgment debtors had no interest whatever in this property at the time this action was instituted, having previously conveyed the same to the defendants.
It is well established that a judgment is not a lien on after-acquired property unless a certificate of the judgment is refiled after the acquisition, pursuant to Section 11656, General Code, or the property is seized in execution under Section 11656-1, General Code.
In Roads v. Symmes, 1 Ohio, 281, 313, 13 Am. Dec., 621, the following appears:
“The legal title to the lands in dispute was not vested in the defendant when the judgment was rendered, *548 and before the levy was made, he conveyed them to one of the present defendants, under whom the other claims. Under these circumstances it is maintained the judgment, upon which the execution issued, never attached as a lien upon these lands. And this is the opinion of the court.”
In Stiles v. Murphy, 4 Ohio, 92, it is stated that by every legal intendment the lien of the judgment fixes in praesenti, not in futuro. See, also, Gorrell v. Kelsey, 40 Ohio St., 117, and Smith v. Hogg, 52 Ohio St., 527, 40 N. E., 406.
The plaintiff contends that its action is in the nature of a creditor’s bill under Section 11760, General Code (Section 2333.01, Revised Code). Equitable interests may be reached by way of a creditor’s bill under this section or by proceedings in aid of execution, and the proceeds of a sale may be applied to the satisfaction of a judgment. But, as previously pointed out, the judgment debtors had no interest whatsoever in this property wfoen this action was instituted.
The plaintiff contends that the case of Abraham v. Fioramonte, 158 Ohio St., 213, 107 N. E. (2d), 321, supports its contention that the filing of a certificate of a judgment creates a • lien on an equitable interest in real estate. The third paragraph of the syllabus in that case reads as follows:
“A judgment lien does not attach to a leasehold estate prior to the filing of a certificate of such judgment, in accordance with Section 11656, General Code, or seizure by the levy of an execution.”
From this it might be inferred that a lien would attach to an equitable interest in land if a leasehold is construed to be such an interest. In that case, on page 222, there appears a discussion as to the nature of a leasehold estate for a term of years. That case holds that, even if a leasehold for a term of years can be construed to be a vested legal interest in land, a judg *549 ment lien does not attach to such a leasehold prior to the filing of a certificate of such judgment or seizure by the levy of an execution.
It follows that the judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas entering final judgment for the defendants, is correct.
The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Stewart, JJ., concur.