PAINTER, Appellant,

v.

GRALEY, Appellee.*

[Cite as *Painter v. Graley* (1995), 106 Ohio App.3d 770.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68840.

Decided Oct. 16, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 75 Ohio St.3d 1405, 661 N.E.2d 755.

Joseph R. Compoli and James R. Goodluck, for appellant.

Barbara R. Marburger, Chief Assistant Director of Law, for appellee.

---

Per Curiam.

Appellant Shirley Painter appeals the decision of the trial court denying her motion to either reopen her case in the trial court or to vacate the appellate

judgment earlier entered in favor of appellee Charles L. Graley. For the following reasons, we affirm.

The controversy arose in 1985 when Painter, Chief Deputy Clerk in the Cleveland Municipal Court, became a candidate for Cleveland City Council and requested a leave of absence to pursue her campaign. Graley, the Assistant Personnel Director for the Clerk's Office, denied the leave and requested her resignation. When Painter did not resign, Graley dismissed her from employment, but advised she could reapply if unsuccessful in her campaign.

Painter then sued Graley alleging that her discharge from employment violated her constitutional rights and also contravened the Ohio Administrative Code. The trial court at that time agreed and granted summary judgment for her. On appeal, however, this court reversed and entered judgment for Graley, holding that Painter's dismissal did not violate the Constitution and that the provisions of the Ohio Administrative Code did not apply to Cleveland civil service employees. On further appeal, the Ohio Supreme Court affirmed the judgment of this court. (1994), 70 Ohio St.3d 377, 639 N.E.2d 51.

Thereafter, appellant filed the instant motion asking the trial court to reopen the case or partially vacate the appellate court judgment. The trial court, holding that *res judicata* applied, denied the motion, and, upon appeal, appellant assigns the following as error:

"The lower court erred in overruling plaintiff's motion to re-open civil action and/or to partially vacate judgment."

Appellant advances three reasons why the doctrine of *res judicata* does not preclude this appeal. First, contending that R.C. 1901.32 does not operate uniformly throughout the state as required by the Ohio Constitution, she claims that this court failed to address this uniformity argument when it applied R.C. 1901.32, and thereby did not reach the merits of her Ohio Administrative Code claim. Second, she urges that she did not file a new lawsuit. Third, she asserts that the doctrine of *res judicata* is inoperative if it extinguishes her fundamental right to a remedy as provided by Section 16, Article I of the Ohio Constitution.

In contrast, appellee urges that appellant cannot relitigate these claims because this court previously entered judgment for appellee and the Ohio Supreme Court affirmed, thereby precluding further litigation between these parties under the doctrine of the law of the case.

The issue before us then is whether the earlier judgment entered by this court and affirmed by the Ohio Supreme Court precludes the appellant from relitigating her claim. In order to decide this question, we must consider the doctrines of the law of the case and *res judicata*.

██ "The doctrine of the law of the case provides that a decision of a reviewing court remains the law for that case as to all relevant legal questions in subsequent proceedings both at trial and appellate levels unless that rule of practice achieves an unjust result." *N. Olmsted v. Eliza Jennings, Inc.* (1993), 91 Ohio App.3d 173, 183, 631 N.E.2d 1130, 1136. The doctrine of the law of the case prevents an inferior court from varying an order issued by a superior court on a matter of law. The doctrine of the law of the case is necessary, not only for consistency of result and the termination of litigation, but also to preserve the structure of the judiciary as set forth in the Constitution of Ohio. *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 18–19, 391 N.E.2d 343, 345.

██ In contrast to the doctrine of the law of the case, the doctrine of *res judicata* provides that "[an existing] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue  * * * and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph one of the syllabus.

██ The doctrine of *res judicata* applies not only to what was determined but also to every question which might properly have been litigated. *Stromberg v. Bratenahl Bd. of Edn.* (1980), 64 Ohio St.2d 98, 100, 18 O.O.3d 343, 344, 413 N.E.2d 1184, 1186.

"The doctrine of *res judicata* also embraces the policy that a party must make good his cause of action or establish his defenses ' * * * by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties.' *Covington & Cincinnati Bridge Co. v. Sargent* (1875), 27 Ohio St. 233, paragraph one of the syllabus." *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees* (1982), 69 Ohio St.2d 241, 244, 23 O.O.3d 243, 245, 431 N.E.2d 672, 674.

██ The Ohio Supreme Court again recognized this aspect of the doctrine of *res judicata* in *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226, 229, when it stated:

" 'It has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit." ' " (Emphasis *sic.*) *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180.

Thus, the doctrine of *res judicata* "requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Quoting

from *Natl. Amusements, Inc. v. Springdale*, at 62, 558 N.E.2d at 1180, citing *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 69–70, 25 OBR 89, 90–91, 494 N.E.2d 1387, 1388–1389.

■ At the outset, the doctrine of the law of the case seems appropriate because appellant's trial court motion involves a prior appeal of the same case; however, the doctrine of the law of the case applies only to an order of a superior court on a decided legal matter. Here, the doctrine of the law of the case does not apply because our court rendered no decision on the uniformity of law claim since it was not presented for review.

■ We conclude that appellant's claims are barred by the doctrine of *res judicata* for the following reasons. First, appellant's contention that this court did not reach the merits of her claim is not well taken. This court addressed appellant's claims under the Ohio Administrative Code as argued and held specifically:

"Moreover, Ohio municipalities such as the city of Cleveland have general home-rule authority to regulate the appointment, removal, qualifications, compensation and duties of its offices and employees. * * * Provisions in a municipal charter with reference to civil service discontinue the general law on the subject as to the municipality. * * * Therefore, we conclude that Ohio Adm.Code 123:1–46–02(E) does not apply to city of Cleveland civil service employees." (Footnote omitted.) *Painter v. Graley* (1992), 84 Ohio App.3d 65, 71, 616 N.E.2d 285, 289.

Appellant cannot argue now that this court did not reach the merits of her Ohio Administrative Code claim because it did not address the uniformity of laws argument. Appellant had every opportunity to present this argument because, as appellant admits, appellee Graley argued "at practically every stage of this case" that pursuant to R.C. 1901.32, Painter was an employee of the city of Cleveland and therefore the Ohio Administrative Code provision did not apply. Nonetheless, there is nothing in the record to reflect that appellant ever argued a denial of uniform application of laws. This argument, however, could have been made and the issue could have been decided. See *Grava* and *Stromberg, supra.*

■ Second, appellant's filing of the motion in this case does not preclude application of *res judicata*, since the doctrine can apply to collateral proceedings in the same action. See 63 Ohio Jurisprudence 3d (1985) 179, Judgments, Section 406.

Finally, appellant's assertion that the application of *res judicata* denies her the fundamental right to a remedy is without merit. Appellant exercised her right to a remedy. She litigated her claim to the highest court in the state and received final judgment. Whether appellant failed to raise her current argument "either purposely or negligently," she cannot now seek to relitigate. See *Johnson's*

*Island, supra.* To conclude otherwise would permit claimants to continually reopen final judgments based on arguments not previously presented.

Accordingly, we hold appellant's claims are barred by the doctrine of *res judicata.* Therefore, the assignment of error is without merit and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MATIA, P.J., PORTER and O'DONNELL, JJ., concur.