DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas granting the motion for summary judgment filed by appellee, Nathaniel Reynolds, and denying the motion for summary judgment filed by appellants, Rebecca A. Kocinski and Frank Kocinski.[1] For the following reasons, we affirm the decision of the trial court.
This matter arose out of an automobile collision between appellee and appellant, which occurred on August 3, 1996. Appellant's minor daughter, Shelby Kocinski, was also present in her mother's vehicle at the time of the accident. On August 3, 1998, "Rebecca A. Kocinski, on behalf of Shelby Kocinski, a minor," filed a small claims petition in the Maumee Municipal Court against Nathaniel Reynolds for payment of Shelby's medical bills. On the same date, appellants filed the present action against appellee in the Lucas County Court of Common Pleas, seeking recovery of damages for appellant's injuries and for Frank's loss of consortium.
In the municipal court case, appellant moved for summary judgment with respect to Shelby's medical bills. In his response to summary judgment, appellee stated that summary judgment should be denied on the basis that a judgment in favor of appellant in the municipal court case "may operate as res judicata regarding her action brought in the Lucas County Common Pleas Court." On February 3, 1999, the municipal court granted summary judgment in favor of appellant and awarded her $684.25 for Shelby's medical bills. This judgment was satisfied on May 6, 1999.
Thereafter, on May 11, 1999, appellee filed a motion for partial summary judgment on the basis of res judicata. On August 25, 1999, the common pleas court awarded summary judgment and found that appellant's personal injury action was barred by the doctrine of res judicata because she "had a full and fair opportunity to present her claim for negligence in the initial proceedings." On September 13, 1999, the trial court filed a judgment entry nunc pro tunc to include in the original judgment that there was no just reason for delay, as provided in Civ.R. 54(B). Accordingly, the common pleas court also denied appellants' motion for summary judgment, which was filed on June 29, 1999.
Appellants appealed and raise the following assignments of error:
 "I. WHETHER THE LUCAS COUNTY COURT OF COMMON PLEAS, COMMITTED REVERSIBLE ERROR IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT/APPELLEE, NATHANIEL REYNOLDS.
 "II. WHETHER THE COURT OF COMMON PLEAS OF LUCAS COUNTY, OHIO, COMMITTED REVERSIBLE ERROR IN DENYING PLAINTIFFS/APPELLANTS' MOTION FOR SUMMARY JUDGMENT."
This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Res judicata is not limited to barring only those subsequent actions that involve the same legal theory of recovery as a previous action. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,382. Rather, "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit'". Natl. Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62, citing Rogers v.Whitehall (1986), 25 Ohio St.3d 67, 69. For purposes of this appeal, it is significant to note that the Ohio Supreme Court stated in a footnote that the phrase "claims which might have been litigated" in the first lawsuit has possible misleading connotations and, therefore, noted that courts instead "prefer to refer instead to `claims which should have been litigated' in the first lawsuit." Holzemer v. Urbanski (1999), 86 Ohio St.3d 129,133, fn. 2, citing Wilkins v. Jakeway (S.D.Ohio 1998), 993 F. Supp. 635,645.
In Grava, an expanded view of claim preclusion was adopted:
 "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. (Paragraph two of the syllabus of Norwood v. McDonald [1943], 142 Ohio St. 299, * * *, overruled; paragraph two of the syllabus of Whitehead v. Gen. Tel. Co. [1969], 20 Ohio St.2d 108, * * *, overruled to the extent inconsistent herewith; paragraph one of the syllabus of Norwood, supra, and paragraph one of the syllabus of Whitehead, supra, modified; * * *.)" Grava at syllabus.
"Transaction" is defined as a "`common nucleus of operative facts.'" Grava at 382, citing 1 Restatement of the Law 2d, Judgments (1982), Section 24, Comment (b), at 198-99. Grava
further quoted the Restatement as follows:
 "Comment c to Section 24, at 200, plainly states: `That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasizedifferent elements of the facts, or would call for different measures of liability or different kinds of relief.'"
In this case, appellants argue that "[t]he essential operative facts to be proven in Rebecca Kocinski's personal injury action, are different from those in the derivative proceeding in the Maumee Municipal Court, and these factual distinctions are such that res judicata cannot apply." We disagree.
First it is important to note that although appellant brought the action in municipal court "on behalf" of her daughter, the claim upon which summary judgment was granted was actually a claim belonging to appellant, not Shelby. See Grindell v. Huber
(1971), 28 Ohio St.2d 71, paragraph one of the syllabus, ("Where a minor child sustains an injury allegedly as the result of negligence of a defendant, two separate and distinct causes of action arise: an action by the minor child for his personal injuries and a derivative action in favor of the parents of the child for the loss of his services and his medical expenses." (Emphasis added.)) See, also, Blakeman v. Condorodis (1991),75 Ohio App.3d 393; Auchmuty v. Ward (Aug. 6, 1998), Putnam App. No. 12-98-4, unreported. Furthermore, a parent's cause of action for medical expenses of a minor child, although derivative, is solely that of the parents. Whitehead, 20 Ohio St.2d at 115. A minor could be liable in contract for his or her medical bills; however, "this liability is secondary to that of the parents who are charged with the duty to support their minor child, in accordance with R.C.3103.03(A) and (D)." Auchmuty, supra, citing Children's Hospital v.Johnson (1980), 68 Ohio App.2d 17, 19-20; and Blakeman,75 Ohio App.3d at 397. See, also, Univ. of Cincinnati Hosp. v. Cohen (1989),57 Ohio App.3d 30, 31-32.
Accordingly, although different evidence had to be offered in order to establish her claim for Shelby's medical expenses, appellant's claim was only one that she had available to her as a result of the collision with appellee. Grava clearly required appellant to litigate all her claims in one action, or be forever barred from asserting those claims.
We are troubled by the fact that Rebecca's prayer of $50,000 for her personal injury claim exceeded the jurisdictional limits of the municipal court. See R.C. 1901.17. This suggests to us that her personal injury claim could not have been litigated in the first lawsuit. Nevertheless, as noted by the Ohio Supreme Court in Holzemer, courts have interpreted the phrase "claims which were or might have been litigated" in the first lawsuit to mean "claims which should have been litigated" in the first lawsuit. Holzemer 86 Ohio St.3d at 133, fn. 2. Accordingly, we find that appellant should have litigated all of her claims arising out of the collision with appellee in one action.
Hence, because a valid, final judgment was rendered upon the merits in the municipal court and because appellant's personal injury claim arose out of a single occurrence that was the subject matter of the previous action in the municipal court, we find thatres judicata bars her negligence action brought in the trial court. See Grava, 73 Ohio St.3d at syllabus. It is unfortunate Cthat appellant's more substantial claim in the trial court is barred; however, appellant was imprudent to separate her claims arising out of a single occurrence and raise one in the municipal court.
Appellants argue that appellee waived his right to assert res judicata as a defense and acquiesced to the simultaneous suits because he failed to plead it as an affirmative defense in his answers in either court, failed to raise it in a timely manner, and failed to seek consolidation of the two cases. Appellants also argue that they would be prejudiced by the trial court permitting appellee to raise res judicata as a defense for the first time in his motion for summary judgment.
Generally, a party can waive the defense of resjudicata if it was not properly pled as an affirmative defense. It is undisputed that appellee failed to plead res judicata as an affirmative defense. We find, however, that appellee could not have properly pled res judicata as an affirmative defense in his answers because no prior judgment in a previous action had been entered at the time he was required to answer. Where the defense of res judicata does not exist at the time an answer must be filed, the defense may properly be raised by motion when applicable. Musa v. Gillett Communications (1997), 119 Ohio App.3d 673,687. See, also, Hoover v. Sumlin (1984), 12 Ohio St.3d 1,5. As soon as there existed a basis to assert the defense of res judicata, appellee filed his motion in the trial court.[2]
Appellants argue that they are prejudiced by appellee raising his defense of res judicata by motion and, therefore, he should be precluded from raising it. We, however, agree with the trial court that the purpose of pleadings is to provide notice. In this case, appellant had prior notice of appellee's intention to raise the defense of res judicata.
Appellee stated twice in the municipal court action that there was a related action pending in the trial court. In an affidavit, filed August 19, 1998, appellee's counsel stated, "Affiant also would indicate that plaintiff Rebecca A. Kocinski has filed suit in the Lucas County Common Pleas Court for her own personal injury claim arising out of the same vehicular accident which occurred on August 3, 1996" and that "Defendant plans to plead all applicable affirmative defenses * * *." Additionally, in his response to appellant's motion for summary judgment, filed in municipal court on December 29, 1998, appellee stated:
 "Third, there is another reason by which summary judgment should be withheld. Although plaintiff has brought this claim on behalf of Shelby Kocinski, a minor, under Ohio law, the claim for medical expenses incurred on behalf of injuries to a minor rests solely with the minor's parents. See, Bagyi v. Miller, 3 Ohio App.2d 371, * * *. Thus, although this action is brought in the minor's name, the claim brought in this case actually belongs to Rebecca A. Kocinski. Moreover, a judgment in favor of Rebecca A. Kocinski in this case may operate as res judicata regarding her action brought in the Lucas County Common Pleas Court. See, Painter v. Graley, 106 Ohio App.3d 770 * * * (the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it). This recovery by plaintiff Rebecca A. Kocinski in the Maumee Municipal Court could act as res judicata to her claims brought in the Lucas County Common Pleas Court."
Despite appellee's indication that appellee believed a judgment in the municipal court would bar appellant's claim in the trial court, appellant took no action to dismiss the municipal court action or amend her complaint in common pleas. Accordingly, we find that appellant was not prejudiced by the trial court allowing appellee to present his defense of res judicata in a motion for summary judgment. Any prejudice suffered by appellant was due to her own actions and inactions.
Appellants additionally argue that appellee acquiesced to appellant's severance of her claims due to his failure to object. Based on our finding that appellee properly objected to appellant's severance of her claims prior to judgment being rendered in the municipal court, we find that appellant's reliance on Shaw v. Chell (1964), 176 Ohio St. 375 is misplaced.
Appellants further argue that appellee waived his right to complain about the splitting of appellant's actions because he did not seek consolidation of the two actions. In Nationwide Ins.Co. v. Steigerwalt (1970), 21 Ohio St.2d 87, the court held that a defendant waived his right to assert the doctrine of estoppel by failing to seek consolidation of two separate cases that were pending before the same court. In this case, however, appellants assert that appellee was required to seek consolidation of cases from different courts. We agree with the Third District Court of Appeals that Civ.R. 42 does not provide for consolidation of cases from different courts:
 "We believe that Civ.R. 42(A) only pertains to the consolidation of cases pending in the same court, and does not provide a vehicle by which a municipal court may consolidate a case pending before it with a case pending in a common pleas court. A municipal court cannot independently decide to consolidate a case and mandate that a superior court such as a court of common pleas consolidate cases pending before the latter court. Such an infringement on the authority of a common pleas court is not envisioned by Civ.R. 42 or R.C. 1901.01 et seq." (Emphasis in original.)
 Mason v. Walter (Dec. 5, 1995), Hancock App. No. 5-95-20, unreported. Accordingly, we find that appellee is not barred from asserting a valid defense because of his failure to make a seemingly futile request.
We therefore find that appellant is barred by the doctrine of res judicata and that appellee properly raised his defense by summary judgment. As such, we find appellants' first assignment of error not well-taken.
Appellants argue in their second assignment of error that the trial court erred in granting summary judgment in their favor. Insofar as the trial court properly granted appellee's motion for summary judgment, the trial court correctly denied appellant's motion for summary judgment. With respect to Frank Kocinski's motion for summary judgment, however, we find that the denial of a motion for summary judgment is not a final, appealable order. State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23
. Accordingly, we find appellants' second assignment of error not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. This matter is remanded to the trial court for further determination of Frank Kocinski's claim for loss of consortium. Appellant is ordered to pay the court costs of this appeal.
 ____________________________ KNEPPER, J.
 James R. Sherck, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., JUDGES CONCUR.
[1] Reference to "appellants" refers to Mr. and Mrs. Kocinski collectively. Reference to "appellant" refers to Rebecca Kocinski alone.
[2] We note that a motion to dismiss would not have been appropriate under the circumstances because the motion required evidence outside of the record to be presented.