OPINION
This timely appeal arises out of a complaint in foreclosure filed by Appellee, Nellie Staskey ("Nellie"), against real property titled in the name of Appellant, Edward Staskey ("Edward"), in an effort to recover on an unpaid divorce judgment owed to Nellie by Appellant, Norman Staskey ("Norman"). The Court of Common Pleas of Jefferson County entered judgment in favor of Nellie and ordered the property sold. For the following reasons we hold that a foreclosure action was erroneous and we reverse the decision of the trial court.
Nellie and Norman were married on March 19, 1982. For some years prior to their marriage and until May 7, 1992, they lived at 307 Farm Lane, Tiltonsville, Ohio. This property was deeded to Norman's brother Edward in 1968 and continues to be titled in Edward's name. The property contained a car wash that had been converted by the couple into a two-story residence, as well as another small structure. Edward never resided in the 307 Farm Lane property.
On January 12, 1993, Nellie and Norman were granted a divorce by the Jefferson County Court of Common Pleas. In the divorce decree it was determined that the buildings at 307 Farm Lane were marital assets but that the underlying land was not marital property.
The court awarded the marital residence to Norman, but ordered him to pay Nellie $32,900 as a property settlement for her interest in the marital residence. Staskey v. Staskey (April 4, 1995), Jefferson App. No. 93-J-5, unreported, at 4. The court also awarded Nellie the proceeds of a Harley Davidson motorcycle valued at $11,000, for a total of $43,900 in marital assets that Norman owed to her as part of the divorce judgment. Id. Edward was not made a party to the divorce proceedings and the record is silent as to whether he was even called as a witness. The divorce judgment, inasmuch as it relates to the respective interests in the 307 Farm Lane property, was upheld on appeal to this Court. Id. at 11-12.
On September 10, 1996, Nellie recovered a lump sum judgment against Norman for $43,288.
On October 30, 1996, Nellie filed a Complaint for Foreclosure on a Judgment, naming both Norman and Edward as parties defendant. The complaint alleged that Nellie had recovered a judgment in the amount of $43,288 against Norman, that Norman had an equitable interest in the real estate at 307 Farm Lane and that Norman's equitable interest should be foreclosed upon. On February 13, 1997, Nellie filed a Certificate of Judgment for Lien upon Lands and Tenements, as well as an Amended Complaint for Foreclosure. A bench trial was held on the foreclosure action on October 16 and 23, 1997.
On November 12, 1997, the trial court filed a Journal Entry which contained as a finding that Nellie was entitled to foreclosure on the property at 307 Farm Lane. On November 25, 1997, the trial court filed a Judgment Decree in Foreclosure, finding that: 1) Norman had an equitable interest in the property at 307 Farm Lane; 2) the issue of ownership of the car wash/residence had been resolved in the prior divorce case and was therefore res judicata; 3) Norman owned the buildings resting on the property at 307 Farm Lane; 4) Edward owned the underlying property; 5) Nellie had a valid lien on the property; 6) Nellie was entitled to foreclose upon the real estate and premises; 7) the property was to be sold after appraisals were completed; and that 8) the proceeds would be liquidated first to Edward and then to Nellie to the extent of their respective interests in the property.
On December 5, 1997, Norman and Edward (jointly referred to as "Appellants") filed this timely appeal.
Appellants' first assignment of error argues:
 "I. THE TRIAL COURT'S DECISION THAT THE DOCTRINE OF RES JUDICATA APPLIES TO THIS ACTION IS ERRONEOUS SINCE THERE WAS NOT MUTUALITY OF PARTIES."
A determination as to whether the doctrine of res judicata applies is a matter of law which an appellate court reviews de novo. Payne v. Carter
(1996), 111 Ohio App.3d 580, 586. This doctrine provides that, "'[an existing] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue * * * and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'" Painter v. Graley (1995),106 Ohio App.3d 770, 773, citing Norwood v. McDonald (1943),142 Ohio St. 299, paragraph one of syllabus. Appellants argue that Edward was neither a party nor a witness in the original divorce action between Nellie and Norman. Appellants argue that because Edward was not a party to the earlier action, its determination that Norman owned the buildings at 307 Farm Lane was not binding as res judicata upon Edward. Based on the record herein, we must agree with this argument.
As stated previously, the doctrine of res judicata provides that an existing judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit. Rogersv. City of Whitehall (1986), 25 Ohio St.3d 67, 69. The doctrine has two prongs: (1) claim preclusion (previously called "estoppel by judgment"), and (2) issue preclusion (previously called "collateral estoppel"). Gravav. Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Issue preclusion prevents further action on an identical issue that has actually been litigated and determined by a valid and final judgment as part of a prior action among the same parties and those in privity with those parties. State v.Williams (1996), 76 Ohio St.3d 290, 294.
Appellee argues that Edward is in privity with Norman with respect to the ownership of 307 Farm Lane. Appellee contends that the 1992 divorce proceedings resulted in a valid final judgment which determined that Norman was the owner of the buildings at 307 Farm Lane and that Edward was the owner of the underlying property. Appellee maintains that Edward's only relationship to the buildings is that he would succeed to the estate of Norman if Norman abandoned the property. Appellee does not explain the basis of his theory that Edward would succeed to Norman's estate, or point to anything in the record which supports such a theory.
Appellee's argument is not persuasive. Privity has been defined as a mutual or successive relationship to the same right of property, or such an identification of interest of one person with another as to represent the same legal right. Lippy v. Soc. Natl. Bank (1995), 100 Ohio App.3d 37,47, citing Black's Law Dictionary (6 Ed.Rev. 1990), 1199. The requirement that res judicata shall only be applied to parties and those in privity with them, "is founded upon the sound principle that all persons are entitled to their day in court." Whitehead v. General Til. Co. (1969),20 Ohio St.2d 108, 115 modified by Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, at syllabus.
Edward did not have a fair opportunity to have his day in court with respect to his interest in the 307 Farm Lane property. He was not made a party to the divorce proceedings. The record does not show that he was called as a witness. Additionally, his interests were not adequately represented by Norman. Although Norman may have had personal reasons for arguing in the divorce proceedings that he did not own any part of the property, in actuality his economic interest would have been improved dramatically had he argued that he was the owner of part or all of the property. The divorce proceedings granted only one half of the value of the buildings on the 307 Farm Lane property to Nellie, resulting in the other half going to Norman. Norman's economic interest is dramatically opposed to Edward's ownership interest in the entire property. Norman had little incentive to fully argue during the divorce proceedings that he did not own any portion of the property, given that he stood to recover one half of the value of property for himself. We therefore find that there was no privity between Norman and Edward in the 1992 divorce proceedings. Thus, the doctrine of issue preclusion does not apply to Nellie's subsequent foreclosure action with respect to Edward. Appellants' first assignment of error has merit.
It should be noted that our conclusion that issue preclusion does not apply to Edward has no bearing on the validity of Nellie's divorce judgment against Norman. The court of common pleas has full equitable powers to determine the division of property in divorce proceedings, including the power to determine what constitutes marital property. Statev. Garber (1998), 125 Ohio App.3d 615, 618. On the other hand, the trial court does not have the power, in divorce proceedings, to divest a person of his or her interest in real property when that person has not been made a party to the divorce proceedings. Huener v. Huener (1996),110 Ohio App.3d 322, 327. Nellie's marital interests were satisfied in a monetary judgment. The monetary judgment rendered against Norman in favor of Nellie was affirmed on appeal to this Court. Staskey, supra. That judgment remains, regardless of whether Norman has any real assets against which Nellie can enforce a subsequent judgment lien stemming from Norman's failure to pay the judgment.
Appellants' second and third assignments of error state:
 "II. THE TRIAL COURT'S DECISION IS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.
 "III. THE PLAINTIFF FAILED TO MEET THE BURDEN OF PROOF OF CLEAR AND CONVINCING EVIDENCE AND THEREFORE THE COURT ABUSED ITS DISCRETION BY RULING IN FAVOR OF PLAINTIFF."
As these assignments of error make essentially the same argument they will be treated together in our analysis.
Appellants argue that the record contains no evidence that Norman ever had title to the 307 Farm Lane property. Appellants argue that the record shows that Edward always had title to the property, that Edward's parents paid for the improvements on the property, that there were reasonable explanations given as to why Edward never lived on the property and that any evidence which may have indicated that Norman acted as owner of the property is outweighed by the undisputed fact that title is in Edward's name. Appellants argue that there is insufficient evidence to support a foreclosure judgment. We agree with the principles put forward by Appellants, although for slightly different reasons than those stated.
In a civil cases, "[j]udgments supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, at syllabus. It is undisputed that Norman did not have legal title to the 307 Farm Lane property prior to or at the time that Appellee filed her foreclosure action. Both the trial court and Appellee specifically stated that Norman's interest in the property was an equitable interest. (Appellee's Brief, p. 10; 11/20/97 Judgment Decree in Foreclosure, p. 1). The Ohio Supreme Court has consistently held that, "equitable interests in real estate cannot be levied upon and sold under execution."Basis v. Vincello (1990), 50 Ohio St.3d 185, 191, citing Culp v. Jacobs
(1930), 123 Ohio St. 109, 114. Additionally, even though a certificate of judgment is filed in the office of the Clerk of the Common Pleas Court in accordance with R.C. § 2329.02, said filing does not cause such judgment to attach as a lien on the equitable interest of a judgment debtor. Bank of Ohio v. Lawrence (1954), 161 Ohio St. 543, paragraph one of syllabus. Not even a properly recorded equitable interest in real property is subject to a foreclosure action. JDP Partners v. Denis L. Back Associates, Inc. (Sept. 29, 1995), Hamilton App. No. C940259, unreported.
Norman does not hold legal title to the 307 Farm Lane property. Whatever Norman's interest in the property, it is entirely an equitable interest. Therefore, Nellie cannot foreclose on Norman's interest in the property, under the aforementioned holdings of Basil v. Vincello and Bankof Ohio v. Lawrence. Appellants' second and third assignments of error have merit.
For the foregoing reasons, we find that all three of Appellants' assignments of error are meritorious. We reverse the November 25, 1997, Judgment Decree in Foreclosure and the November 12, 1997 Journal Entry and enter judgment in favor of Appellants.
Vukovich, J., concurs, Cox, P.J., concurs.